UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEANA NIX,

    Plaintiff,

v.                                                              Case No: 8:20-cv-1525-SDM-JSS

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Compel Discovery Responses and Overrule Defendant's Objections ("Motion") (Dkt. 23) and Defendant's response in opposition (Dkt. 25). On September 2, 2021, the Court conducted a hearing on the Motion. Upon consideration, and for the reasons stated during the hearing, it is **ORDERED**:

1. Plaintiff's Motion to Compel Discovery Responses (Dkt. 23) is **GRANTED in part** and **DENIED in part** as follows:

    a. Plaintiff's Motion is **GRANTED** insofar as Defendant is directed to produce the training records for Sophia Sanchez, to the extent they exist.

    b. Plaintiff's Motion is **GRANTED** insofar as Defendant is directed to provide Plaintiff a privilege log of Ms. Sanchez's personnel file. Defendant is further directed to deliver the personnel file of Sophia

Sanchez to the Court for an *in camera* inspection related to any and all records pertaining to other incidents or vehicular accidents involving Sophia Sanchez and her web-based training.

c. Plaintiff's Motion to Compel is **DENIED** insofar as Plaintiff requests a copy of the United States Postal Service routes driven by Sophia Sanchez on the date of the accident, with approved U-turn locations, and information related to Sophia Sanchez's driver safety training instructors. The route information Plaintiff seeks is unavailable according to Defendant. Defendant shall conduct a reasonable search and produce any responsive documents within its possession, custody, or control if such documents are located. *See* Fed. R. Civ. P. 26(g)(1) and 34(a)(1). Discovery concerning Ms. Sanchez's instructors is neither relevant nor proportional to the needs of the case. *See, e.g.*, *Benz v. Crowley Logistics, Inc.*, No. 3:15-CV-728-J-25MCR, 2016 WL 11587289, at *3 (M.D. Fla. June 17, 2016) (concluding plaintiff had not met her initial burden of showing how the information sought is relevant to her claims); *Jones v. Z.O.E. Enterprises of Jax, Inc.*, No. 3:11-CV-377-J-32MCR, 2012 WL 3065384, at *2 (M.D. Fla. July 27, 2012) (denying a motion to compel when the moving party failed to make an adequate initial showing of relevancy).

- 3 -

      d. Plaintiff's Motion is otherwise **DENIED** as moot to the extent Defendant has provided the requested information.

      e. The parties' requests for attorneys' fees and costs are **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on September 13, 2021.

                                      JULIE S. SNEED
                                 UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record